# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE OFFICES OF ELECTION CFO<br>110 SHOOTERS COURT<br>ALEXANDRIA, VIRGINIA | )<br>)<br>)  Case No.  1:17-SW-91<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:

The offices of Election CFO, 110 Shooters Court, Alexandria, Virginia, as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____March 8, 2017_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Michael S. Nachmanoff_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

/s/
Michael S. Nachmanoff
Date and time issued: __02/22/2017__     United States Magistrate Judge
                                          *Judge's signature*

City and state:  Alexandria, Virginia          Hon. Michael S. Nachmanoff, U.S. Magistrate Judge
                                               *Printed name and title*

# ATTACHMENT A
## Premises to be Searched
## OFFICES OF ELECTION CFO

110 Shooters Court, Alexandria, Virginia 22314 is a three-story red brick townhouse style building. The front door is reached by a brick stairway which is partially bordered by black rail wrought iron fencing. The front door is bordered in white and there are two windows (both with white trim) immediately to the right of the front door – when facing the front of the property. There is a brass knocker on the door with the numeral 110 located immediately above. There is a white trim screen door with a doorbell on the left side.

The second floor has two windows (also trimmed in white). The third floor (which appears from the outside to be a loft) has a sole dormer-style window located in the middle of the roof. The left side of the townhouse is bordered by a white downspout that is connected to a gutter at the base of the roof.

Shooters Court is a one block street which is accessed by turning East off Roberts Lane. Number 110 is located on the West side of Shooters Court and is the last (most northerly) unit in a group of six attached townhouses. Immediately to the North of the unit is a parking area for the residents. Shooters Court ends at the conclusion of the parking area.



# ATTACHMENT B
## Items to be Seized
## OFFICES OF ELECTION CFO

The items to be seized include certain records[1] of or relating to Duncan D. Hunter, Margaret Hunter, the Duncan D. Hunter For Congress Campaign Committee, or any political committee designed to support the election of Duncan D. Hunter for U.S. House of Representatives (hereinafter, "any Hunter committee"), **limited to:**

1) <u>Disbursements of Campaign Funds:</u> Records of all disbursements, including dates, amounts, and purpose of all disbursements and any receipts, invoices, or cancelled checks relating to such disbursements;

2) <u>Reports and Public Disclosures or Filings:</u> Records relating to disclosures made to the Federal Election Commission ("FEC"), including regular reporting and specific responses to FEC inquiries, and including records and communications related to the preparation or content of any such reports, disclosures, or statements;

3) <u>Communications:</u> Records reflecting communications between any of the following individuals or entities:

   a. Duncan D. Hunter
   b. Margaret Hunter
   c. Joseph Kasper
   d. Victoria Middleton
   e. Christopher Marston
   f. Brenda Hankins
   g. Caroline DeBeikes

And any communications that (1) relate to the receipt and disbursement of any Hunter committee campaign funds or (2) provide context to any communications described above, such as messages sent or received in

---

[1] The term "records" includes all items, documents, and all other types of evidence in whatever form and by whatever means they may have been created or stored, including electronic or hardcopy form.

temporal proximity to any relevant communications, and any communications tending to identify the individuals;

4) <u>Calendars and Travel Records:</u> Records relating to the calendars, appointments, agendas, address books, meeting schedules and participants, and travel itineraries of Duncan D. Hunter, Margaret Hunter, and their children;

5) <u>Financial Records</u>: Records of any bank accounts or other depositories, including account statements, canceled checks, check registers, bank or cashier's checks, payment receipts, deposit slips, expense receipts, safe deposit box agreements, rental agreements, vouchers, worksheets, receipts, bills, accounts, and other records which provide the necessary information and data from which FEC reports and statements may be verified, explained, clarified, and checked for accuracy and completeness; and

6) <u>Tax and Accounting Records:</u> Accounting ledgers and journals (including cash receipts, accounts payable and receivable, and loans payable or receivable), Bill.com records, and federal and state income tax returns (including work papers, schedules, receipts, invoices, canceled checks, correspondence, memoranda, financial statements, Forms 1099 and any other records used in the preparation of tax returns);

**which evidence:**

(i) the prohibited conversion of any Hunter committee campaign contributions or donations for personal use from February 2010 to the present in violation of Title 52, United States Code, Section 30114(b) (prohibited use of campaign contributions) and Title 18, United States Code, Sections 1341 and 1343 (mail and wire fraud);

(ii) a scheme to defraud First National Bank by making false statements related to video game charges which resulted in the refunding or crediting of charges not properly due from April 4, 2016 to the present in violation of Title 18, United States Code, Section 1344 (bank fraud);

(iii) the falsification of any Hunter committee FEC reports from February 2010 to the present in violation of Title 18, United States Code, Section 1001 (false statements);

(iv) the falsification of any Hunter committee FEC reports with the intent to impede or influence the investigation of campaign spending by the FEC, the House Ethics Committee, and the Office of Congressional Ethics from April 2016 to the present in violation of Title 18, United States Code, Section 1519 (falsification of records in federal investigations); and

(v) an agreement to commit any of the crimes described above in violation of Title 18, United States Code, Section 371 (conspiracy).

This authorization includes the search of physical documents and includes electronic data to include deleted data, remnant data, and slack space. The seizure and search of computers and computer media will be conducted in accordance with the computer search protocol provided in the affidavit submitted in support of this warrant. Items to be seized include the following:

1. All computer systems, software, peripherals, and data storage devices;

2. All documents, including all temporary and permanent electronic files and records, relating to the commission of the federal crimes listed above;

3. User-attribution data to include data reflecting who used or controlled the computer or electronic storage device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, or deleted, including registry information, computer logs, user profiles, and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically-stored photographs and video, file structure and user-created documents, including metadata.

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 1:17-SW-91 | Date and time warrant executed: 2/23/2017 1:25 PM | Copy of warrant and inventory left with: Christopher Marston |
| Inventory made in the presence of: Keith Palli, Andrew Berger, Christopher Marston | | |
| Inventory of the property taken and name of any person(s) seized: | | |

See attachment A

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/27/2017

*Executing officer's signature*

Andrew Berger Special Agent - FBI
*Printed name and title*

# Attachment A

Inventory of Property Seized at 110 Shooters Court, Alexandria, Virginia 22314 on February 23, 2017

Item 1: A black colored tower PC, constructed from a metal box with a clear side, serial number unknown.

Item 2: Samsung 8GB tablet and charger, serial number unknown.

Item 3: ACER ZHN computer, serial number NXSHEAD013410E1067600.

Item 4: Dell laptop computer, Inspirion 1 N7010, serial number 45V1SN1, and power cord.

Item 5: Bills and disbursements located in bankers box 33250.

Item 6: A spreadsheet related to Election CFO.

Item 7: Documents and Election CFO A/R summary.

Item 8: One Lexar USB drive, one Sandisk 2 GB SD card, one Rocketek USB drive, one Blue Sandisk USB drive, one Sandisk Ultra II 1.0 GB SD Card and one USB security key.

Item 9: Lexar 8GB USB Drive, carabiner and security key.

Item 10: Asus laptop computer, serial number F2N0CY23991307B, and power cord.

Item 11: Samsung SSD 840 EVO 250 GB, serial number unknown.

Item 12: CART image containing 1 TB HGST hard drive, serial number 6P0ESB2F; a folder image of a 250 GB Samsung SSD, serial number S1DBNSBF900258R; a partial image of a 250 GB Samsung SSD, serial number S1DBNSAFA33RGV; an Apple Ipad 2, serial number DKVK604RDFHY extraction and Ipad Mini, serial number DMPQ207NFLMK extraction.

Item 13: A mini desktop image 750 GB Western Digital hard drive, serial number WXG1EC4H4N7T, containing the image of mini desktop serial number B8AEED79294C.

Item 14: CART image 1 TB HGST hard drive, serial number GP0EP4PF, containing a forensic image of a 1 TB Toshiba hard drive, serial number 85R4PDALT from an ASUS X5502 notebook PC, serial number FAN0CV8B043443F.